UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NESHIA NOLAND, Individually and as | § | |
| Personal Representative on the Estate of | § | |
| Brandon Michael Noland | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-00330 |
| | § | |
| ENERGY RESOURCES | § | |
| TECHNOLOGY, INC., *et al*, | § | |
| | § | |
| Defendants. | | |

## **MEMORANDUM AND ORDER**

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 establishes a "last-served defendant rule" for removal of a case to federal court, meaning that any defendant, including the last one served, has thirty days in which to seek removal.  The Fifth Circuit had long interpreted the prior removal statute as providing thirty days only from the time the first defendant is served.  *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988) ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served . . . .").  Because the removing party in this case was added to the litigation more than a year after the first defendant was served, its removal was proper only if the Clarification Act's last-served defendant rule applies.

But determining whether the Clarification Act applies is not a simple matter. The statute's effective date is January 6, 2012, and Congress provided that it applies to "any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date."  Clarification Act, Pub. L. No. 112–63, § 205, 125 Stat. 758, 764–65 (2011).  The original petition in this lawsuit was filed in state court before January 6, 2012, but the removing party was added to the case after that date.  The propriety of removal thus turns on whether "an action is commenced" for Clarification Act purposes only when it is first filed in state court or whenever a new party is added to the case.

Having reviewed state law on this question, the Court concludes that an action commences under Texas law when the lawsuit is filed.  The "first-served defendant rule" that prevailed in the Fifth Circuit prior to the Clarification Act thus governs and renders the removals untimely.  In addition, the Court concludes that even if the Clarification Act does apply, removal was defective for another reason: the entity removing this suit was a third party, rather than a direct defendant, and thus was not entitled to remove under Fifth Circuit case law restricting the ability of third parties to remove a case.  For both of these independent reasons, Plaintiff's Motion to Remand is **GRANTED**.

## I.   PROCEDURAL BACKGROUND

On August 16, 2011, a crane collapsed on a platform off the coast of Galveston, tragically killing twenty-year-old Brandon Noland.  On September 29, 2011, Plaintiff Neshia Noland (Brandon's mother) and his estate filed a wrongful death and survival suit in state court against the owner and operator of the crane and platform—Energy Resources Technology GOM, Inc.—and its parent—Helix Energy Solutions Group, Inc. (collectively, the "ERT Defendants").  Docket Entry No. 9-2.  Plaintiff served the ERT Defendants on October 12, 2011.  Docket Entry Nos. 1-8; 1-9.

Since then, numerous parties have joined the case.  On January 10, 2012, the deceased's father, Johnnie Johnson, intervened in the wrongful death case.  Docket Entry No. 9-6.  On April 24, 2012, the ERT Defendants filed a third-party petition against crane inspector Cargotec USA, Inc., seeking contribution for Cargotec's purported negligence in failing to properly inspect the crane and its component parts.  Docket Entry No. 1-19.  On June 13, 2012, Plaintiff moved to sever the third-party claims against Cargotec in order to preserve a September 2012 trial date.  The trial court granted Plaintiff's severance motion on June 28, 2012.  Docket Entry No. 26-2.  The ERT Defendants responded by filing a Petition for Writ of Mandamus with the Texas Court of Appeals (14th District), which that

court conditionally granted on October 4, 2012, instructing the trial court to vacate its severance order.  Docket Entry No. 26-4.

On October 9, 2012, the trial court issued a final docket control order setting an October 19, 2012 deadline for adding new parties and a February 11, 2013 preferential trial setting.  Docket Entry No. 9-8.  In compliance with that schedule, the ERT Defendants filed a new third-party petition on October 18, 2012, seeking contribution from three manufacturers of the crane and its component parts—the Crosby Group LLC, Seatrax, Inc., and Full Circle Enterprises, Inc. f/k/a Branham Industries, Inc.  On October 29, 2012, Intervenor amended his petition, adding Cargotec as a direct defendant.  Docket Entry No. 33-1.  Three days later, on November 1, 2012, Plaintiff did the same and amended her petition to include Cargotec as a defendant.  Docket Entry No. 20-3 at 116.

The case first appeared in this Court when Third-Party Defendant Crosby filed its Notice of Removal on November 12, 2012.  Docket Entry No. 1.  Plaintiff filed her Motion to Remand on November 20, 2012.  Docket Entry No. 9.  Despite the fact that the case had already been removed to this Court, Cargotec filed another Notice of Removal on November 30, 2012.  Docket Entry No. 20.

Plaintiff agrees that this Court has subject matter jurisdiction because the case implicates the Outer Continental Shelf Lands Act; at issue is solely whether Crosby's and Cargotec's attempts at removal were procedurally proper.

## II.   DISCUSSION

### A. Timeliness

"The untimeliness of a removal petition is a ground for remand that is authorized under Section 1447(c)." *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012) (citation omitted).   Section 1446(b) provides a defendant with 30 days to file a notice of removal after its receipt of a copy of the initial pleading or service of summons.  28 U.S.C. § 1446(b).  As discussed above, prior to the Clarification Act, the Fifth Circuit read this 30-day requirement to mean that if "the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal."  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) (alteration in original) (citations and internal quotation marks omitted); *see also Getty Oil Corp.*, 841 F.2d at 1262–63; *Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 378 (S.D. Tex. 2006).  The Fifth Circuit position was the minority view among the circuits, *see Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *2 n.9 (E.D. La. July 28, 2011), and the 2011 Clarification Act resolved the split in favor of the majority last-served defendant rule.  *See* 28 U.S.C. § 1446(b)(B) (2012). The revised statute states that "[e]ach defendant shall have 30 days after receipt by

or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.*

Cargotec's and Crosby's notices would thus be timely under the new statute's last-served defendant rule.   The new statute applies if the "action commenced" after January 6, 2012, a determination for which Texas law provides the answer.  *See* Clarification Act, Pub. L. No. 112–63, § 205, 125 Stat. 758, 764–65 (2011) (stating that act applies to "any action that is removed from a State court to a United States district court and that had been commenced, *within the meaning of State law*, on or after such effective date." (emphasis added)).  "When deciding questions of state law, this court is bound by *Erie* to rule as it believes the state's supreme court would."  *Ridglea Estate Condo. Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 480 (5th Cir. 2005) (citations omitted).  Because this Court finds that the Texas Supreme Court has not specifically addressed when an action commences, this Court must make an "*Erie* guess" in an attempt to predict state law, but not to create or modify it.  *See Associated Int'l Ins. Co. v. Blythe*, 286 F.3d 780, 783 (5th Cir. 2002).  The Court may look to precedents established by intermediate state courts, but need not defer to such precedents if persuasive data convinces it that the state supreme court would rule otherwise.  *Rx.Com Inc. v. Hartford Fire Ins. Co.*, 364 F. Supp. 2d 609, 613–14 (S.D. Tex. 2005) (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 565 (5th Cir. 2004); *Herrmann Holdings Ltd. v.*

*Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).   Federal court decisions interpreting state law may also guide the *Erie* guess.   *See id.* at 614.

The cases that grapple most closely with the issue of when an action commences under Texas law are recent state court of appeals opinions interpreting the Certificate of Merit statute, Texas Civ. Prac. & Rem. Code Ann. § 150.002, that applies in construction cases.   *Compare S&P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390, 397–98 (Tex. App.—Austin 2011, no pet.) (en banc) (holding that an action commences when the original suit is filed), *with Nangia v. Taylor*, 338 S.W.3d 768, 770–71 (Tex. App.—Beaumont 2011, no pet.) (holding that an action commences each time a new defendant is added).   Similar to the issue that has arisen in this case, the question in *S&P* and *Nangia* was whether the 2005 or 2009 version of the state law applied when plaintiffs initiated suit prior to the effective date of the 2009 version, but amended their petitions to add new defendants after the effective date.[1]   *See S&P*, 334 S.W.3d at 395–99; *Nangia*, 338 S.W.3d at 770–71.   The enabling language of the Texas statute is also similar to the Clarification Act, stating that the amendments apply "only to an action . . . filed or commenced on or after the effective date."   Act of May 29, 2009, 81st Leg., ch. 789, § 3, 2009 Tex. Gen. Laws 1991, 1992.

---

[1] The Certificate of Merit statute requires plaintiffs to file an affidavit from a third-party expert, called a certificate of merit, in actions for damages arising out of the provision of professional services by a design professional.   *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002.   The 2009 amendments added more detail regarding the qualifications of the expert and the contents of the affidavit.   *S&P*, 334 S.W.3d at 395.

The en banc panel in *S&P* concluded that "an action commences when the original petition is filed" and "does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time." *S&P*, 334 S.W.3d at 397. The Austin Court of Appeals based its decision in large part on the Texas Rules of Civil Procedure. *Id.* at 396; *see also Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it."). The court relied on Texas Rule of Civil Procedure 22, which states that "[a] civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." *S&P*, 334 S.W.3d at 396 (quoting Tex. R. Civ. P. 22). It also construed Rule 37—which allows additional parties to be brought into the suit—to "indicat[e] that these new parties are being added to an action that has already commenced." *Id.* (citing Tex. R. Civ. P. 37). Finally, the court quoted Rule 38, which allows a defending party to join a third party "[a]t any time *after commencement of the action*." *Id.* (emphasis in original) (quoting Tex. R. Civ. P. 38(a)). The court reasoned that the "rule does not state or indicate that these new petitions commence new actions or suits against the new parties; rather, the subsequent petitions by defendants against new parties become part of an action that has already commenced." *Id.*[2]

---

[2] The *S&P* court's conclusion seems consistent with the ordinary meaning of "action" in the legal

This Court finds the reasoning in *S&P*, with its comprehensive review of how "action" and "commence" are used in the Texas Civil Rules of Procedure, to be a more convincing interpretation of Texas law than the *Nangia* opinion, in which the Beaumont Court of Appeals held that "the Legislature intended the new statute, not the old statute as construed by the courts, to apply to a claim asserted for the first time . . . after the effective date," even when the original petition was filed before the effective date. *Nangia*, 338 S.W.3d at 770–71.  The Beaumont court based its holding on legislative history showing that the legislature passed the new statute to correct the restrictive manner in which courts had been interpreting the 2005 statute.  *Id.*  As an initial matter, this Court is dubious that the cited legislative history is relevant to the revised statute's enabling language.  *Cf. infra* p. 12.  Moreover, though it acknowledges the *S&P* opinion and its reliance on the Texas Rules of Civil Procedure, the Beaumont court fails to confront *S&P*'s analysis or address the Texas Rules before reaching its conclusory determination of the legislature's intent.  *See Nangia*, 338 S.W.3d at 770.  This Court also gives additional weight to the *S&P* opinion given that it was reached by an en banc panel and because another Texas appellate court has followed its reasoning.  *See Jay Miller & Sundown, Inc. v. Camp Dresser & McKee Inc.*, 381 S.W.3d 635, 644 n.4 (Tex. App.—San Antonio 2012, no pet.) (agreeing with *S&P*, and not *Nangia*, that

---

context.  *See* BLACK'S LAW DICTIONARY 32 (9th ed. 2009) (defining "action" as "[a] civil or criminal judicial proceeding").

"as used in section 4 of 2009 Act, 'an action' is 'filed or commenced' when the original petition is filed").[3]

In support of their position that later-added defendants should be treated separately with respect to when an action commences, defendants rely not just on *Nangia* but on also cases in which courts, including the Supreme Court of Texas, have held that an action does not commence against a third party for limitations purposes until that party has actually joined the suit. *See, e.g.*, *Molinet v. Kimbrell*, 356 S.W.3d 407, 412–13 (Tex. 2011). But such common sense rulings—that a plaintiff is not allowed to toll a statute of limitations period against one party by suing a different party earlier—are unrelated to the present inquiry. Moreover, the *Molinet* decision, on which the Defendants heavily rely, indicates that commencement for statute of limitations purposes runs counter to commencement "in the traditional sense." *See id.* at 412 ("Thus, Molinet essentially argues that the statute of limitations is only applicable when an action is 'commenced' in the traditional sense, and that *Chilkewitz* held that when a party is subsequently joined in a pending proceeding the statute of limitations does not apply. We disagree.").

---

[3] Defendants contend that the Houston Court of Appeals followed *Nangia* in *Epco Holdings, Inc. v. Chi. Bridge & Iron Co.*, 352 S.W.3d 265 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Although the *Epco* court followed *Nangia* regarding when a plaintiff must file its certificate of merit, it did not address the enabling language of the 2009 statute or construe when an action commences. *See Epco*, 352 S.W.3d at 269–73. In providing background to its analysis, the dissent in *Epco* recognized *S&P*'s holding that "[a] suit triggering section 150.002 is commenced when the original pleading is filed;" but such statement is not in conflict with the majority opinion. *See id.* at 275 (Frost, J., dissenting) (citing *S&P*, 334 S.W.3d at 396–97).

This Court also asked Plaintiffs to address whether *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006), supported Defendants' position that a new action was commenced when Crosby and Cargotec joined the case. *Braud* held that the amendment of a state court pleading to add a new defendant after the effective date of the 2005 Class Action Fairness Act constituted the "commencement" of a new suit for removal purposes. 445 F.3d at 803–04. But that opinion interpreted Louisiana, rather than Texas, law and is thus not binding and of less persuasive value than the Texas appellate decisions in determining commencement "within the meaning of [Texas] law."[4] Clarification Act, § 205, 125 Stat. at 764–65. Review of the Texas case law, and the Texas Rules of Civil Procedure, leads the Court to conclude that an action commences under Texas law when the suit is first filed and adding a party at a later date does not commence another action. This case thus falls under the pre-Clarification Act removal statute, and the removal was untimely under Fifth Circuit's first-served defendant rule.

Cargotec argues that even if the Clarification Act does not apply, this Court should read the prior removal statute to include a last-served defendant rule

---

[4] The Court recognizes that most courts of appeals have followed the *Braud* reading of commencement when interpreting the Class Action Fairness Act. *See* Lonny Sheinkopf Hoffman, *The "Commencement" Problem: Lessons from a Statute's First Year*, 40 U.C. Davis L. Rev. 469, 495 n.88 (2006). But the 2011 Act commands courts to determine when an action had been "commenced" by reference to state law, so this Court must be guided by Texas law on the issue rather than by federal appellate courts interpreting the law of other states.

because "Congress's adoption of the Act in December of 2011 has clarified the lawmakers' *original intent* in drafting the original version of Section 1446(b)." Docket Entry No. 25 ¶ 18 (emphasis in original).  In addition to ignoring that the Clarification Act precludes retroactive application by expressly providing a prospective effective date, this argument runs afoul of two limitations on the judicial function.  First, putting aside the larger debate about the role of legislative history and intent in statutory interpretation, the Court is at a loss for how it can use the intent of the 112th Congress sitting in 2011 to discern the intent of the 95th Congress sitting in 1977 when Congress passed the version of the removal statute that the Fifth Circuit read to include the first-served defendant rule.  *See Brown*, 792 F.2d at 481 (citing 28 U.S.C. § 1446(b) (1977 version)).  Looking just at the House of Representatives, only 12 of the 435 representatives who were members of the 112th Congress that passed the Clarification Act were members of the 95th Congress.  *See Clerk of the House of Representatives*, *Seniority List of the U.S. House of Representatives One Hundred Twelfth Congress* (2012), available at http://clerk.house.gov/member_info/seniority-112.pdf.  Four House members in the 112th Congress were not even born when the earlier Congress enacted the 1977 version of the removal statute.   Second, even if one Congress could divine the intent of a Congress sitting decades earlier, this Court does not have the authority to overrule circuit precedent which has repeatedly read the pre-Clarification Act

removal language to allow removal only during the thirty days following the first service of a defendant.

Finally, Defendants argue that substantial prejudice would result if the Court were to apply the last-served defendant rule. *See, e.g.*, Docket Entry No. 25 at 9 (stating that "[e]quity dictates that Cargotec be allowed to remove"). Again, even if the Court agreed with this characterization of the effect of the first-served defendant rule, it is not empowered to overrule Fifth Circuit precedent. Moreover, whatever harsh effects the rule imposes in this case are no different than those later-added parties endured for a quarter-century in this circuit. And the fact that the ERT Defendants chose to litigate the matter in state court for over a year without attempting to remove it further suggests that litigating this case in Galveston state court does not amount to a grave injustice.

Having determined that the action commenced when Plaintiff filed her original petition in state court on September 29, 2011, and consequently that the first-served defendant rule applies, the Court concludes that Crosby's and Cargotec's notices of removal were not filed within the removal statute's 30-day window set out in section 1446(b).[5]   Accordingly, remand is appropriate. *See BEPCO*, 675 F.3d at 470.

---

[5] Plaintiff raises an additional potential defect in Cargotec's notice of removal. Even if the last-served defendant rule applied—and even if that rule started the clock only when a party is named as a defendant, as opposed to a third-party defendant—Cargotec's removal may still be untimely

## B.  Limitations on Third-Party Removal Also Require Remand

### 1.  *Third-Party Defendant Crosby's Ability to Remove*

In addition to being untimely, Crosby's attempt at removal is improper because of another Fifth Circuit removal rule unaltered by the Clarification Act: a third-party defendant may not remove a case unless the claims asserted against it are "separate and independent" from the plaintiff's underlying claims.  *Caringal v. Karteria Shipping, Ltd.*, 108 F. Supp. 2d 651, 655 (E.D. La. 2000).  In their latest brief, Defendants appear to concede that third-party defendants are not permitted to remove cases to federal court.[6]  *See* Docket Entry No. 40 at 3.  And Cargotec appeared to recognize this limitation on third-party removal when it did not seek to remove when added as a third-party defendant in April 2012, but only did so after being added as a direct defendant in October 2012.  Nonetheless, for purposes of clarity and completeness, the Court will address the arguments presented in Defendants' initial opposition briefs and apply the law regarding third-party removal to the present facts.

---

because Intervenor Johnson named Cargotec as a direct defendant on October 29, 2012 and served Cargotec's counsel on October 30, 2012.  Cargotec did not file its notice of removal until November 30, 2012, which Plaintiff contends means it was one day outside of the 30-day window allowed by section 1446(b).  *See* Docket Entry Nos. 33-1; 20.

[6] Defendants make this concession in responding to yet another procedural defect that Plaintiff alleges about the removal—that Third-Party Defendant Branham did not consent to removal as required by the rule of unanimity.  Given the Court's holdings, it need not address this argument nor Plaintiff's related arguments that Seatrax and the ERT Defendants' failure to timely consent defeats removal.

Section 1441(a), both prior to and after the implementation of the Clarification Act, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or defendants*." 28 U.S.C. § 1441(a) (emphasis added). Although the majority view is that third-party defendants are not "defendants" as the term is used in section 1441(a), on this issue the Fifth Circuit has followed an approach more favorable to defendants by "allowing third-party defendants to remove under subsection (c) under limited circumstances."[7] *Caringal*, 108 F. Supp. 2d at 654–55; *see also* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3730 (4th ed. 2012) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court, although there is some authority to the contrary in the Fifth Circuit and in at least one district court decision in the Eleventh Circuit."). Those limited circumstances are when "a separate and independent controversy is stated." *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980), *superseded by statute on other grounds.*

---

[7] Subsection 1441(c) was also amended by the Clarification Act, but for the same reasons as above, the prior version of subsection 1441(c) applies to this action. That pre-Clarification Act version, which does not refer to party status, states: "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (2011).

While a third-party demand for contractual indemnity is generally considered to be separate and independent from an original state law cause of action, a third-party indemnity claim based on joint liability is not. *Compare Carl Heck Eng'rs*, 622 F.2d at 136 (finding contractual indemnity claim to be separate and independent), *with In re Wilson Indus., Inc.*, 886 F.2d 93, 96 (5th Cir. 1989) (finding indemnity claim based on third party's negligence not to be separate and independent), *and Carnigal*, 108 F. Supp. 2d at 655 (finding third-party claim based on joint liability not to be separate and independent). In other words, a third-party complaint is separate and independent when it "seeks indemnity based on a separate obligation owed to the defendant," but not when it "seeks indemnity based on a claim that the third-party defendant caused plaintiff's injuries." *In re Wilson*, 886 F.2d at 96.

The third-party claims in this case against Crosby are not separate and independent from plaintiff's original action. The ERT Defendants filed claims against Crosby alleging that Crosby, as a manufacturer of the crane and its parts, was "responsible in whole or in part for those damages claimed by the Plaintiff and Intervenor," and, specifically, that "Crosby created in whole or in part the dangerous condition(s) about which the Plaintiff and Intervenor complain." Docket Entry No. 9-9 at 4. The ERT Defendants did not seek indemnity based on a separate obligation owed to them. *See id.* This is exactly the type of joint

liability case that the Fifth Circuit has deemed not separate and independent, and thus not susceptible to removal by third-party defendants. *See Wilson*, 886 F.2d at 96; *see also Carnigal*, 108 F. Supp. 2d at 655.[8]

The ERT Defendants argue that the Clarification Act amended section 1441(c) to allow for third-party removal. The Court disagrees. As noted by the Eastern District of Pennsylvania, the "revised language of § 1441(c) does not materially alter a third-party defendant's ability to remove under the statute." *Mut. Pharm. Co. v. Goldman*, No. 12-0815, 2012 WL 2594250, at *2 (E.D. Pa. July 3, 2012). The amended section 1441 still restricts removal to "the defendant or the defendants" in subsection (a), the same language that is the basis for the historical limitations on third-party removal. 28 U.S.C. § 1441(a). "Had Congress intended to permit removal by third-party defendants, it could have amended § 1441(a) to clarify the definition of [defendants] or added additional language to § 1441(c) specifying that removal under that subsection is available to parties other than original defendants. It did not." *Mut. Pharm.*, 2012 WL 2594250, at *2. The

---

[8] The ERT Defendants argue that the only reason to restrict removal to direct defendants is to prevent the unwarranted extension of federal jurisdiction to allow a third-party defendant, who is unconnected to the original action, to remove a suit which had no independent basis for federal jurisdiction. Docket Entry No. 26 at 13–14 (citing *BJB Co. v. Comp. Air Leroi*, 148 F. Supp. 2d 751, 753 (N.D. Tex. 2001)). But "[c]ourts have further reasoned that the Supreme Court has interpreted the word 'defendant' in § 1441 narrowly, to exclude related parties such as counter-defendants, and has admonished that the removal statute is to be construed narrowly due to federalism concerns." *Mobile Washington Band of the Choctaw Indian Tribe v. Sunbelt Res., Inc.*, 649 F. Supp. 2d 1325, 1329 (S.D. Ala. 2009) (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941))).

thorough *Mutual Pharmaceutical* opinion also notes that recent opinions interpreting the Class Action Fairness Act have rejected attempts by third-party defendants to remove state court class actions pursuant to section 1453(b), which provides that a qualifying class action "may be removed by *any* defendant without the consent of all defendants."  28 U.S.C. § 1453(b) (emphasis added); *Mut. Pharm.*, 2012 WL 2594250, at *3 (finding "the reasoning of the Sixth, Ninth, Seventh and Fourth Circuits instructive in reaching a similar conclusion that recent amendments to § 1441(c) have not expanded the right of removal to third-party defendants").[9]

In sum, given that the only exception to the general rule that third-party defendants cannot remove does not apply here, remand is appropriate.  *See Carnigal*, 108 F. Supp. 2d at 655.

### 2.  *Cargotec's Ability to Remove an Already-Removed Case*

Crosby tries to avoid the limitation on third-party removal by arguing that removal is proper because "Cargotec filed a timely notice of removal after plaintiff amended her pleadings to name Cargotec as a direct defendant."  Docket Entry No.

---

[9] *See In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 854 (6th Cir. 2012) ("[T]he majority of courts that have considered the issue have . . . conclude[d] that the language of section 1453(b) does not change the prior rule that counterclaim or third-party defendants do not have the right of removal."); *Westwood Apex v. Contreras*, 644 F.3d 799, 805–07 (9th Cir. 2011) (holding that "§ 1453(b) did not overwrite the accepted meaning of 'defendant'" or modify the "original defendant" rule established by *Shamrock*, 313 U.S. 100 (1941)); *First Bank v. DJL Props., LLC*, 598 F.3d 915, 917–18 (7th Cir. 2010) (holding that "defendant" in § 1453(b) has the same meaning it does elsewhere in the removal statutes and does not include counterclaim defendants); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332–36 (4th Cir. 2008).

24 at 12.  But a notice of removal has no legal effect when the matter is already in federal court.

Removal becomes effective once a defendant files the notice of removal in federal district court and provides notice to all adverse parties and the state court clerk.  28 U.S.C. § 1446(d).  At that point, "the State court shall proceed no further unless and until the case is remanded."  *Id.*  Therefore, regardless of whether Crosby's removal was procedurally proper, once it filed its notice of removal and notified the proper parties, this matter was pending in federal court.  It defies logic that Cargotec could remove to this Court a case already pending in this Court.  *See LFP IP LLC v. Midway Venture LLC*, No. SACV 10-01546 DOC (MLGX), 2010 WL 4395401, at *1 (C.D. Cal. Oct. 29, 2010) ("[A] party cannot remove a lawsuit pending in federal district court to the same district court where the lawsuit is already pending." (citation and internal quotation marks omitted)); *In re Mitchell*, 206 B.R. 204, 211 (C.D. Cal. 1997) (discussing the "logically idiotic result of claiming that a lawsuit can be removed *from* the district court where it is already pending *to* that very same court") (emphasis in original).  Indeed, section 1446(a) permits removal only "from a State court."  28 U.S.C. § 1446(a).[10]

---

[10] The Court disagrees with Defendants' assertion that such a ruling deprives Cargotec of its statutory right to remove.  *See* Docket Entry No. 35 at 4.  The Fifth Circuit recognizes that in "unique circumstances," an equitable exception to the 30-day window for removal may apply.  *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (holding that such exceptional circumstances existed where attorney for three-member board timely filed consent, but board was unable to formally meet until after expiration of 30-day period); *see also* 14C CHARLES

### III.   CONCLUSION

To recap, removal of this case was defective for multiple reasons.  First, given that the action commenced prior to the effective date of the Clarification Act, the first-served defendant rule applied, and the time period for removal elapsed in 2011 long before Crosby and Cargotec became parties.  But regardless of the first-served defendant rule, Crosby was unable to remove the action as a third-party defendant.  And Cargotec's removal does not have legal effect because the action was already pending in federal court.  Accordingly, Plaintiffs' Motion to Remand (Docket Entry No. 9) is **GRANTED**.  The Court **REMANDS** the action to the County Court at Law No. 3 of Galveston County, Texas.


SIGNED this 16th day of January, 2013.

_____
Gregg Costa

---

ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed. 2012) ("Federal judges are inclined to interpret the statute in keeping with its intended purpose of assuring that a defendant has an opportunity to assert the Congressionally bestowed right to remove upon receiving notice that the right exists in a particular case.").  Thus, while an attempt at removal by Cargotec after remand would be untimely for the reasons expressed in Part II(A) of this opinion, it would not be untimely solely because of Crosby's defective removal.